**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOKHA CHAO, | No. 10-72210 |
| Petitioner, | Agency No. A079-805-472 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Sokha Chao, a native and citizen of Cambodia, petitions for review of a

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the BIA's finding of no past persecution because the incidents of harm Chao suffered personally do not rise to the level of persecution, *see Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995), and the harm to her husband was not "closely tied" to Chao, *see Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). Because Chao has not established past persecution, she is not entitled to a rebuttable presumption of a well-founded fear of future persecution. *See Gormley*, 364 F.3d at 1180. Further, in light of new political alliances in Cambodia and the lack of evidence of any continued interest in Chao, substantial evidence also supports the BIA's finding that she did not establish an objective well-founded fear of persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) (evidence of changed country conditions mitigates against fear of future persecution upon return); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution is too speculative). Thus, Chao's asylum claim fails.

Because Chao failed to meet the lower burden of proof for asylum, her withholding of removal claim necessarily fails. *See Gormley*, 364 F.3d at 1180.

10-72210

Chao fails to raise any substantive challenge to the denial of her CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

Finally, we deny Chao's motion to stay voluntary departure because her petition for review filed with this court "automatically terminate[d]" the grant of voluntary departure. *See* 8 C.F.R. § 1240.26(i).

**PETITION FOR REVIEW DENIED.**